ACCEPTED
03-14-00774-CV
7470675
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/21/2015 10:53:30 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00774-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/21/2015 10:53:30 AM
JEFFREY D. KYLE
Clerk

TEXAS STATE BOARD OF VETERINARY MEDICAL EXAMINERS
AND NICOLE ORIA, IN HER OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR,
*Appellant*,

v.

ELLEN JEFFERSON, D.V.M,
*Appellee*,

ON APPEAL FROM THE 250TH JUDICIAL DISTRICT
OF TRAVIS COUNTY, TEXAS

**BRIEF OF AMICUS CURAIE
CITY OF AUSTIN**

ANNE L. MORGAN, Interim City Attorney
MEGHAN L RILEY, Division Chief, Litigation
MICHAEL SIEGEL, Assistant City Attorney
State Bar No. 24093148
CHRISTOPHER COPPOLA, Assistant City Attorney
State Bar No. 24036401
City of Austin Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone: (512) 974-2888
Facsimile: (512) 974-1311
michael.siegel@austintexas.gov
christopher.coppola@austintexas.gov

COUNSEL FOR AMICUS CURAIE
CITY OF AUSTIN

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................... ii

INDEX OF AUTHORITIES............................................................................. iii

INTEREST OF AMICUS CURAE ......................................................................1

SUMMARY OF ARGUMENT ...........................................................................2

ARGUMENT. ......................................................................................................3

    I.       Without the Ownership Exemption, the City Would Face Financial Pressure to Sacrifice the Lives of Healthy Homeless Animals to Avoid Increased Taxes or Cuts to Essential Services ................................................................................3

PRAYER ..............................................................................................................7

CERTIFICATE OF SERVICE ............................................................................8

CERTIFICATE  OF COMPLIANCE...................................................................9

# INDEX OF AUTHORITIES

**Texas Constitution**

Article VI, § 5 ......................................................................................1

**State Statutes**

Texas Occupational Code § 800.004 ...................................................1, 3

**INTEREST OF AMICUS CURAIE**

The City of Austin ("City") is a home-rule municipality and political subdivision of the State of Texas. As part of its police power authority, the City has established a Department of Animal Services which takes responsibility for the care and adoption of homeless animals. *See* TEX. CONST. art. XI, § 5 (granting home-rule cities broad discretionary powers, so long as no local ordinance contradicts the Texas Constitution or laws enacted by the state Legislature).

Beginning in 1997, the City began its efforts to adopt and implement a "no kill" policy in regards to healthy homeless animals in the custody of the Animal Services Department. In 2010, the City dedicated considerable financial and political resources to the implementation of its "no kill" policy. Effectuation of this policy—which has led to a near complete elimination of discretionary killing of homeless animals within the City limits—is substantially dependent upon the ability of shelter veterinarians to rely on the "ownership exemption" contained within the Texas Occupations Code. *See* TEX. OCC. CODE. § 800.004(1).

The City is paying all fees and expenses to prepare this brief. *See* TEX. R. APP. P. 11.

1

The City of Austin has implemented a robust and humane animal services policy in order to provide the best possible care for its homeless animals. Whereas prior to the adoption of its "no kill" policy the City would destroy thousands of animals each year that were neither terminally ill nor unreasonably dangerous, the City has now implemented a comprehensive regime including efforts to: limit the population of homeless animals through sterilization programs; provide high quality intake and care services; encourage fostering and adoption of homeless animals; and generally reduce the number of "killed" animals to a tiny fraction of what it was. The City dedicates over ten million dollars per year to its animal services operations, employing dozens of staff including full-time and part-time veterinarians, veterinary technicians, an animal behaviorist, public education personnel, and others. The City also contracts with outside organizations to provide spay/neuter, adoption, and care services, and the Animal Services Department recruits numerous volunteers to assist with its intake, education, adoption, and animal care operations.

Despite this substantial commitment by the City to provide for its most disadvantaged animal residents, however, the recent action by the Texas State Board of Veterinary Medical Examiners threatens Austin's ability to provide affordable and comprehensive animal care. In particular, the decision to investigate

a shelter veterinarian for failure to establish a veterinarian-client-patient relationship with a homeless animal threatens the financial model that the City works from as it implements a comprehensive and "no kill" animal services policy.

The City of Austin submits this brief as amicus curiae to ask the Court to confirm that the "owner exemption" of the Veterinary Licensing Act applies to veterinarians when they treat homeless animals owned by a public or private animal shelter.

## ARGUMENT

### I.    Without the Ownership Exemption, the City Would Face Financial Pressure to Sacrifice the Lives of Healthy Homeless Animals to Avoid Increased Taxes or Cuts to Essential Services.

The Texas State Board of Veterinary Medical Examiners (TSBVME) has narrowly argued the issues on appeal, suggesting that the scope of the "ownership exemption" is not at issue.[1] This framing ignores the fact that this proceeding would not exist absent TSBVME's decision to investigate Dr. Jefferson despite both (a) the clearly established ownership exemption Texas Occupations Code, Section 800.004(1), and (b) the TSBVME's own guidance that a shelter becomes

---

[1] *See* Brief of Cross-Appellees Texas State Board of Veterinary Medical Examiners and Nicole Oria, in her Official Capacity as Executive Director, at 18 ("Dr. Jefferson's arguments on the merits are irrelevant to the issues to be decided in this appeal") (filed Sept. 11, 2015).

3

the owner of a homeless animal following a "stray hold" waiting period.[2] Furthermore, the November 18, 2014, Order of the Travis County District Court that provides the basis for this appeal rules that TSBVME violated the Texas Occupations Code in its zeal to subject Dr. Ellen Jefferson to certain agency rules that plainly contradict the ownership exemption.[3]

It is the City's concern for the continued enforcement of the ownership exemption that motivates this submission as amicus curiae. As discussed above, the City is firmly invested in a comprehensive, "no kill" approach to providing care for homeless animals. Without the ability to rely on the ownership exemption, the City would be forced to completely reformulate its approach to animal services.

Amici Alley Cat Allies provides an excellent summary of the policy and financial constraints imposed on shelter veterinary practices.

> The owner exception is critical because shelters and rescue organizations face limitations that are not present in the private practice of veterinary medicine. These limitations include the volume of animals handled, the space in which animals are seen or housed, the well-being of animals presented, and a disparity in financial resources. Shelters and rescue organizations handle far more animals than most veterinary clinics, often without the ability to schedule admissions in advance. Animals are sheltered in relatively close quarters, as opposed to the private homes of most veterinary clients. Private practices can assume a basic level of care [and record of vaccination] for most patients; in most cases, shelters do not know the care or vaccination

---

[2] *See* Brief of Appellant Ellen Jefferson, D.V.M., at 8-10 (filed July 9, 2015); *see also* 3.RR.PX18:EJ000638.

[3] *See* "Final Judgment," Brief of Appellee Ellen Jefferson, D.V.M., Tab C, at 1-2 (filed Sept. 8, 2015).

histories of admitted animals. Finally, most shelters or rescue organizations do not have anywhere near the financial resources, especially when calculated on a per-animal basis, compared to private veterinary practices, which are usually paid by clients on a fee-for-service model. A shelter, of course, has no client to foot the bill.[4]

In the City of Austin, it is the taxpayers who "foot the bill" for the care of homeless animals. In addition to the millions of dollars that the City spends on its own staff and facilities, the Animal Services Department also relies on "in kind" services and outside expenditures by its nonprofit partners. Austin Pets Alive! (APA), among other organizations, has been an essential vendor of services and an important collaborative partner in regards to the City's ongoing efforts to meet its "no kill" objectives.

Pursuant to a renewable contract with the City, APA operates the Town Lake Animal Center (TLAC), one of the core facilities within Austin's public-private safety net of animal clinics and adoption centers. As part of the City-APA agreement, APA promises to treat at least 3,000 at-risk homeless animals each year, or 12% of the total number animals taken in by the City's Department of Animal Services, whichever is greater.[5] APA also accepts several behaviorally challenged large dogs each month, to further support the City's "no kill" objectives.

---

[4] *Amicus Brief by Alley Cat Allies in Support of Dr. Jefferson*, at 8-9.
[5] In practice, APA accepts animals far in excess of the contractual minimum. In the most recent year for which data is available, APA accepted over 3,800 homeless animals from the City of Austin.

APA has assumed these obligations for Austin-area animals at considerable cost. The City estimates that APA contributes over $1,000,000 annually to the operation of TLAC, raised entirely from APA's network of supporters. The City pays approximately $12,000 per month for certain operating expenses, and the City also funds electric, water, and wastewater utility charges, but otherwise, APA assumes full responsibility for the maintenance and operation of TLAC.

In other words, APA has been an essential partner in the City's work to create a "no kill" environment for homeless animals in the Austin area. This work is premised in large part upon the "ownership exemption," which permits shelter veterinary organizations such as APA to provide cost-effective services on behalf of the City and its residents.

Without its reliance on the "ownership exemption," APA will not be able to provide the charitable shelter veterinary services that are essential to fulfillment of the City's "no kill" objections. The consequences that flow from reduced charitable shelter veterinary services could be severe. If APA is forced to substantially reduce, or even eliminate its services, the City would find itself faced with the terrible choice of, on one hand, revoking its commitment to "no kill," and returning to the destruction of healthy homeless animals; or, on the other hand, funding its commitment to these animals by raising taxes or cutting other necessary public services.

## PRAYER

The City of Austin requests that the Court of Appeals affirm that nonprofit shelter veterinary organizations can rely on the "ownership exemption" when they provide medical treatment to homeless animals.

RESPECTFULLY SUBMITTED,

ANNE L. MORGAN, Interim City Attorney
MEGHAN L RILEY, Division Chief, Litigation

/s/ Michael Siegel
MICHAEL SIEGEL, Assistant City Attorney
State Bar No. 24093148
CHRISTOPHER COPPOLA, Assistant City Attorney
State Bar No. 24036401
City of Austin Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone:  (512) 974-2888
Facsimile:   (512) 974-1311
michael.siegel@austintexas.gov
christopher.coppola@austintexas.gov

COUNSEL FOR AMICUS CURAIE
CITY OF AUSTIN

7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent on

October 21, 2015, via an electronic filing service provider.

**VIA E-MAIL**
Andrew Lutostanski
Ted Ross
Office of the Attorney General of Texas
Administrative Law Division
P.O. Box 12548
Austin, TX 78711
andrew.lutostanski@texasattorneygeneral.gov
ted.ross@texasattorneygeneral.gov

Ryan Clinton
Davis, Gerald & Cremer, P.C.
111 Congress Ave., Suite 2800
Austin, TX 78701
rdclinton@dgclaw.com

David Brown
Ewell, Brown & Blanke, LLP
111 Congress Ave., 28th Floor
Austin, TX 78701
dbrown@ebblaw.com

/s/ Michael Siegel
MICHAEL SIEGEL

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2)(B) because this brief contains 1,448 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).


/s/ Michael Siegel
MICHAEL SIEGEL